

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 30 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSEPH JULIANO,            )
        #94100             )
                           )
            Plaintiff,     )      2:12-cv-02160-RCJ-VCF
                           )
vs.                        )
                           )      **ORDER**
CLARK COUNTY DETENTION     )
CENTER, et al.,            )
                           )
            Defendants.    )
_____)

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has filed a complaint in state court, which defendants have removed. It appears from the documents and the removal statement that removal to federal court was proper.

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion seeking the appointment of counsel in this case (ECF #10). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the

1  likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of

2  the complexity of the legal issues involved.  Neither factor is dispositive, and both must be viewed

3  together in making a finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn,*

4  *supra*, 789 F.2d at 1331).  The district court has considerable discretion in making these findings.  The

5  court will not enter an order directing the appointment of counsel.  While, as discussed below, plaintiff's

6  complaint will be dismissed with leave to amend, the legal issues do not appear complex, and it appears

7  to the court at this time that plaintiff will be able to articulate his claims in pro se if he elects to file an

8  amended complaint.  Plaintiff's motion for the appointment of counsel is denied without prejudice.

9           The court now turns to the complaint, which it has screened pursuant to 28 U.S.C. §

10  1915A.

11  **II.  Screening Pursuant to 28 U.S.C. § 1915A**

12           Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

13  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

14  1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are

15  frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from

16  a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings,

17  however, must be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627

18  F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).

19  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right

20  secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation

21  was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

22           In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

23  Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

24  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may

25  be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

26  § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is

2

1  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

2  § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses

3  a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions

4  as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

5  not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

6          Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

7  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

8  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

9  would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making

10  this determination, the court takes as true all allegations of material fact stated in the complaint, and the

11  court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d

12  955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than

13  formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam); *Hebbe*, 627 F.3d at 342.  While the standard under Rule 12(b)(6)

15  does not require detailed factual allegations, a plaintiff must provide more than mere labels and

16  conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation

17  of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

18          Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

19  because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft*

20  *v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the framework of a

21  complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual

22  allegations, a court should assume their veracity and then determine whether they plausibly give rise to

23  an entitlement to relief. *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a

24  context-specific task that requires the reviewing court to draw on its judicial experience and common

25  sense." *Id*.

26

1    Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*

2  *sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based

3  on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or

4  claims of infringement of a legal interest which clearly does not exist), as well as claims based on

5  fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S.

6  319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

7  **III. Instant Complaint**

8    Plaintiff, who is incarcerated at High Desert State Prison ("HDSP") has sued Clark

9  County Detention Center ("CCDC"), the Las Vegas Metropolitan Police Department, Clark County

10  Sheriff Douglas Gillespie, Naphcare, Naphcare's medical director Dr. Newman, and Does 1-20. Plaintiff

11  claims that when he was a pretrial detainee at CCDC defendants were deliberately indifferent to his

12  serious medical needs in violation of his Eighth Amendment rights.

13    Plaintiff alleges that CCDC medical personnel were deliberately indifferent to his serious

14  medical needs when they failed to properly treat his serious pain and infections and other issues

15  stemming from a serious gunshot wound that he sustained prior to his arrest. He also alleges he was

16  denied necessary physical therapy.

17    Such claims by pretrial detainees are analyzed under the Due Process Clause of the

18  Fourteenth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998). The same standard

19  applies to a pretrial detainee's claim of deliberate indifference under the Fourteenth Amendment as to

20  a prisoner's claim under the Eighth Amendment. *Id*. The Eighth Amendment prohibits the imposition

21  of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized

22  standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's

23  claim of inadequate medical care does not constitute cruel and unusual punishment unless the

24  mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id*. at 106. The

25  "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged

26  deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834

1   (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

2   "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct

3   undertaken for the very purpose of causing harm.  *Farmer*, 511 U.S. at 837.  A prison official does not

4   act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk

5   to inmate health or safety." *Id.*

6          In applying this standard, the Ninth Circuit has held that before it can be said that a

7   prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.

8   Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

9   *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.

10  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does

11  not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does

12  not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429

13  U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v.

14  Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) *(overruled on other grounds), WMX Techs., Inc. v. Miller*,

15  104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish

16  deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th

17  Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of

18  deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

19          Delay of, or interference with, medical treatment can also amount to deliberate

20  indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898,

21  905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122,

22  1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d

23  1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133,

24  (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the

25  prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner

26  must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at

1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Plaintiff's complaint suffers from several defects and must be dismissed. He will, however, be given leave to file an amended complaint, as discussed below.

First, while plaintiff has named the physical detention center CCDC as a defendant, the detention center itself is not a "person" acting under the color of state law for purposes of § 1983 actions. 42 U.S.C. § 1983; *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990).

Next, plaintiff alleges only that unidentified CCDC/Naphcare medical personnel have failed to treat his pain, infections and other complications from a gunshot wound in violation of his Eighth Amendment rights. This court finds that the claims are so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff must describe *who* specifically was deliberately indifferent to what specific serious medical needs and what precisely the defendant did or failed to do. The Civil Rights Act provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Further, plaintiff appears to name defendants Gillespie and Newman in their capacity as supervisors. "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent

them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In *Starr v. Baca*, 633 F.3d 1191 (9th Cir. 2011), the Ninth Circuit reversed the district court's dismissal of a supervisory liability claim asserted against the sheriff of a jail. In that case, the plaintiff claimed that he was attacked and stabbed twenty-three times by other inmates because prison officials, including the sheriff, failed to protect him in violation of the Eighth and Fourteenth Amendments. *Id.* at 1193-94. After reviewing plaintiff's allegations, the court found that the plaintiff alleged with sufficient detail that the sheriff knew or should have known about the dangers in the jail, and that he was deliberately indifferent to those dangers. *Id.* at 1205. In reaching its conclusion, the court held that "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." *Id.* at 1196. The court stated that "[a] defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id.* at 1197 (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish the necessary causal connection for supervisory liability by alleging that the defendant "set[] in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* (internal quotations, alterations, and citations omitted). Thus, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).

Because plaintiff's allegations may implicate his constitutional rights, he has leave to file an amended complaint. If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what

7

constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Again, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, as this court has screened the complaint and dismissed it with leave to amend pursuant to 28 U.S.C. § 1915A(a), defendants' motion to dismiss (ECF #6) is premature. As such, the motion is denied without prejudice. Plaintiff's motion for extension of time to oppose the motion to dismiss (ECF #9) is denied as moot.

## IV. Conclusion

IT IS THEREFORE ORDERED that the Clerk shall **DETACH and FILE** the complaint (ECF #1-1).

IT IS FURTHER ORDERED that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

IT IS FURTHER ORDERED that plaintiff will have **thirty (30) days** from the date that this order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not

1  carried forward in the amended complaint will no longer be before the court.

2      **IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint

3  as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint

4  Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:12-**

5  **CV-02160-RCJ-VCF**, above the words "FIRST AMENDED" in the space for "Case No."

6      **IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not

7  timely file an amended complaint in compliance with this order, this case may be immediately

8  dismissed.

9      **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983

10  civil rights complaint form with instructions along with one copy of the original complaint.

11      **IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF

12  #10) is **DENIED** without prejudice.

13      **IT IS FURTHER ORDERED** that defendants' motion to dismiss (ECF #6) is **DENIED**

14  without prejudice.

15      **IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (ECF #9)

16  is **DENIED** as moot.

17      DATED this 29th day of January, 2013.

18

19                                   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

9